LEWIS BRISBOIS BISGAARD & SMITH LLP
ANNIE VERDRIES, SB#91049
 Email: Annie.Verdries@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Movant, Marten Transport Ltd.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JUAN MANUEL MARTINEZ and<br>KIMBERLY JOLENE MARTINEZ,<br><br>   Debtors. | CASE NO. 15-25760<br><br>DC No. AV-1<br><br>Chapter 13<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 TO PROCEED WITH AN ACTION PENDING IN A NON-BANKRUPTCY FORUM FILED BY MARTEN TRANSPORT LTD.**<br><br>**Hearing**<br>**Date:** December 22, 2015<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 34<br>   501 I Street, 6th Floor<br>   Sacramento, CA |

**TO THE HONORABLE ROBERT S. BARDWIL, DEBTORS, CHAPTER 13 TRUSTEE, OTHER INTERESTED PARTIES, AND/OR THEIR COUNSEL:**

  MARTEN TRANSPORT LIMITED ("Movant") hereby submits this Motion for Relief from Automatic Stay (the "Motion") in the above-captioned action on the grounds set forth herein.

I. **INTRODUCTION**

  Movant seeks relief from the automatic stay in the above-referenced bankruptcy case filed jointly by Juan Manual Martinez and Kimberly Jolene Martinez (together, the "Debtors"), to proceed with the entry of a stipulated judgment in the following pending lawsuit in a non-bankruptcy forum: *Marten Transport, Ltd. v. Kimberly J. Martinez, Juan Martinez, et al.*, Case

4843-2565-1243.1

No. 14-cv-00957 pending the Third Judicial District Court of the State of Nevada, County of Lyon (hereinafter, "State Court Action"). Pursuant to 11 U. S. C. § 362(d)(1), cause exists to grant Movants relief from stay to proceed with the State Court Action to final judgment in the non-bankruptcy forum for the following reasons: (1) the claim is insured and Movant seeks recovery in the State Court Action only from the Debtors' applicable insurance; and (2) the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum where Movant and Debtors have already agreed to enter into a stipulated judgment.

## II. STATEMENT OF FACTS

### A. The Bankruptcy Proceeding

1. On July 20, 2015 (the "Petition Date"), Juan Manuel Martinez and Kimberly Jolene Martinez (together, the "Debtors") jointly filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code. Shortly thereafter, Russell D. Greer was duly appointed as the acting Chapter 13 Trustee for the Debtors' bankruptcy estate.

2. On section 4 of the Debtors' Statement of Financial Affairs filed on July 20, 2015, the Debtors list the underlying civil litigation styled, *Marten Transport Ltd. v. Kimberly Martinez*, Case Number 14-cv-00957, pending in the Third Judicial District Court of the State of Nevada, County of Lyon (the "State Court Action"). A true and correct copy of the applicable page of the Debtors' Statement of Financial Affairs is attached as **Exhibit "A"** to the Declaration of Steven Abbott ("Abbott Declaration") filed concurrently herewith.

### B. The State Court Action

3. About a year prior to the Petition Date, on July 25, 2014, Movant filed a Complaint for Damages against the Debtors, as well as DOES 1-100 and ROE CORPORATIONS 1-100 ( the "Complaint") in the Third Judicial District Court of the State of Nevada, County of Lyon (the "State Court"), thereby commencing the State Court Action. A true and correct copy of the Complaint is attached as **Exhibit "B"** to the Abbott Declaration.

4. Prior to the Debtors' filing for bankruptcy, Movant and the Debtors reached a settlement concerning liability and special damages such that a stipulated judgment was proposed to be entered.

4843-2565-1243.1

5. On July 7, 2015, Movant and the Debtors stated on the record at a hearing before the State Court, the salient terms of the settlement, the proposed stipulated judgment and the Debtors' impending bankruptcy filing. A true and correct copy of the July 7, 2015 State Court Hearing Transcript is attached as **Exhibit "C"** to the Abbott Declaration.

6. Debtors' State Court counsel was fully aware, and did not object, that upon a bankruptcy filing, Movant would file in this Motion seeking relief from the automatic stay to proceed with the State Court Action.

7. The proposed stipulated judgment was not immediately entered that time, in part because the parties requested a two-week extension since Debtors were contemplating filing for bankruptcy.

8. In light of the proposed stipulated judgment, the State Court vacated the trial date in the State Court Action.

9. Since the stipulated judgment was not entered in the State Court Action prior to the Petition Date, Movant now seeks relief from the automatic stay to proceed with the State Court Action, namely to pursue entry of the stipulated judgment by the State Court to fully resolve the State Court Action.

## III. RELIEF REQUESTED

### A. Standard for Granting Relief from Stay

11 U.S.C. section 362(d) states:

(d) On request of a party in interest and after notice and a hearing the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

 (1) For cause, including the lack of adequate protection of an interest in property of such party in interest;

 (2) With respect to a stay of an act against property under subsection (a) of this section, if –

  (A) The debtor does not have an equity in such property; and

  (B) Such property is not necessary to an effective reorganization.

There is no clear definition of what constitutes cause for relief from stay. Rather, it is determined on a case-by-case basis. *In re Aquarius Disk Servs.*, 254 B.R. 253, 260 (Bankr. N.D.

Cal. 2000); *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985). However, California courts have held that a creditor may proceed with an action against a debtor for the purpose of recovery of insurance proceeds. *Forsyth v. Jones* 57 Cal.App.4th 776, 781-782 (1997). Moreover, the interest of allowing a state action to proceed in a state tribunal has been recognized by the Ninth Circuit Court of Appeals as a proper cause to grant relief from the automatic stay. *Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)* 781 F.2d 159, 163 (9th Cir. 1986).

B. **Cause Exists to Grant Relief from Stay Pursuant to 11 U.S.C. § 362(d)(1) Because the Claim is Insured and the Claims Is Nearly Resolved in the Non-Bankruptcy Forum**

The automatic stay provided in Section 362 provides the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations. *See In re Fidelity Mortgage Investors*, 550 F.2d 47, 55 (2nd Cir. 1976), *cert. denied* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). 11 U.S.C. § 362(d)(1) provides that relief from the automatic stay may be granted "for cause." Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from the stay to proceed with the State Court Action to final judgment in the non-bankruptcy forum for the following reasons: (1) the claim is insured; and (2) the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum, particularly since Movant and the Debtors have already agreed to enter into a stipulated judgment.

Cause exists to grant Movant relief from stay to proceed with the State Court Action on the ground that the claims at issue in the State Court Action are insured. The Debtor is covered under Progressive Insurance, which appears on the Debtors' Amended Schedule F filed on September 29, 2015. Therefore, Movant seek recovery only from the Debtors' applicable insurance and waive any deficiency or other claim against the Debtors and their bankruptcy estate property.

Additionally, cause exists to grant Movant relief from the stay to proceed with the State Court Action on the grounds that the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum. Indeed, as represented to the State Court on July 7, 2015, the parties have reached a settlement with regards to liability and damages

proceeding to trial. At this point, Movant just needs to submit the appropriate documents to the State Court so that the stipulated judgment can be entered. Lastly, based on the settlement, this Motion is not opposed by the Debtors.

Based on the above, cause exists to grant relief from the automatic stay so that Movant may proceed with obtaining a stipulated judgment in the State Court Action from the State Court.

### C. The Fourteen Day Stay Provisions Set Forth in Federal Rule of Bankruptcy Proceedure 4001(a)(3) Should be Waived

The provisions of Federal Rule of Bankruptcy Procedure ("FRBP") 4001 (a)(3) provide that any order granting a Motion for Relief from Stay is itself stayed until the expiration of fourteen (14) days after the entry of the order unless the court orders otherwise. Movants submit that there is no cause for delaying the effectiveness of any order granting the instant Motion.

## IV. CONCLUSION

Based on the foregoing, Movants respectfully request this Court enter an order:

1. Granting Movant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to proceed with the State Court Action and liquidate claims with any recovery limited to available insurance coverage;

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce their remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtors or estate property but allowed to proceed as to any available insurance coverage;

3. That the order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

4. Waiving the fourteen (14) day stay provided for in FRBP 4001(a)(3); and

5. For such other and further relief as the Court deems just and proper.

DATED: December 8, 2015       LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Annie Verdries
ANNIE VERDRIES
Attorneys for Movant, Marten Transport

4843-2565-1243.1